UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DULCE MARIA FUNEZ CABELLERO           CIVIL ACTION

VERSUS

UNITED STATES OF AMERICA           NO. 25-00587-BAJ-SDJ

### RULING AND ORDER

Before the Court is Petitioner's **Motion for Deportation (Doc. 1)**. Petitioner's Motion seeks immediate deportation to Germany, her home country, which the Court construes as a request for mandamus relief pursuant to 28 U.S.C. § 1361.

Petitioner was convicted on two counts of first-degree murder and is serving a life sentence in state prison. Maintaining her innocence, but acknowledging these convictions, she asks the Court to order the Department of Homeland Security and Immigration and Naturalization Services to initiate deportation proceedings and remove her to Germany. (Doc. 1 at 5).

The federal mandamus statute, 28 U.S.C. § 1361, endows federal district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Relevant here, an applicant seeking a writ of mandamus must show a clear right to the relief sought, and that the federal "defendant owes [them] a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Here, Petitioner's Motion for Deportation (Doc. 1) must be denied, as she has not established a clear right to the relief sought—*i.e.*, the immediate initiation of her deportation to Germany.

Under 8 U.S.C. § 1231(a)(4)(A), "the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment." Additionally, Section 1231(a)(4)(D) "specifically disallows a private cause of action to compel the Attorney General to deport a convicted alien prior to completion of the sentence." *Duamutef v. I.N.S.*, 386 F.3d 172, 177 (2d Cir. 2004); *see also Bell v. INS*, 292 F. Supp. 2d 370, 372 (D. Conn. 2003) ("[A]n inmate ordinarily remains in the custody of the correctional institution until his or her sentence is complete . . . because an inmate cannot be deported while imprisoned by the state."); *Rodney v. I.N.S.*, 462 F. Supp. 2d 285, 288 (D. Conn. 2006) ("Petitioner has no clear right to deportation prior to the expiration of his term of incarceration."); *Kim Thul Ouk v. U.S. Dep't of Just. Exec. for Immigr. & Naturalization*, 2010 WL 98944, at *3 (W.D. Okla. Jan. 11, 2010) ("Because Plaintiff is still serving the sentence on the Minnesota state conviction, he has no right to request commencement of deportation or removal proceedings.").

Because Petitioner seeks mandamus relief in the form of an order compelling the initiation of deportation proceedings, she has failed to state a viable cause of action. Accordingly,

IT IS ORDERED that Petitioner's **Motion for Deportation (Doc. 1)** is **DENIED**.

IT IS FURTHER ORDERED that the above-captioned matter be and is hereby **DISMISSED WITHOUT PREJUDICE**.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 9th day of February, 2026

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**